UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| PAMALA PELLON-IRWIN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:25-cv-00301-JCN |
| | ) | |
| EASTERN MAINE HEALTHCARE SYSTEMS, et al., | ) | |
| | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON DISCOVERY ISSUE**

In this action, Plaintiff alleges claims of sex-based discrimination and retaliation related to her former employment. (Complaint, ECF No. 1.) Through discovery, Plaintiff seeks to obtain the personnel files, including disciplinary records, of three former male employees of Defendants. Plaintiff contends the information is relevant and discoverable because the former employees are comparators. Defendants argue to the contrary.[1]

Plaintiff worked as a nurse practitioner in the emergency department of Mayo Hospital from April 2019, until the termination of her employment in April 2022. In the hospital's formal termination letter, the hospital president informed Plaintiff that her employment was terminated for cause based on performance issues which were outlined in the letter.

Two of the other employees worked in the emergency department as physician assistants and one worked as a nurse practitioner. Plaintiff asserts that even though the

[1] After a discovery conference pursuant to District of Maine Local Rule 26(c), the parties filed written argument, which the Court has considered.

conduct of the three other employees (alleged sexual harassment and harassment) was more egregious than Plaintiff's alleged conduct, the hospital did not terminate the employment of the three other employees.

To qualify as a comparator, a person must be "similarly situated to [the plaintiff] in all relevant respects." *Conward v. Cambridge Sch. Comm.*, 171 F.3d 12, 20 (1st Cir. 1999). "Reasonableness is the touchstone: while the plaintiff's case and the comparison cases that [the plaintiff] advances need not be perfect replicas, they must closely resemble one another in respect to relevant facts and circumstances." *Id.* "Among these 'facts and circumstances' is whether the plaintiff and the comparator were disciplined for the same conduct." *Amini v. Whole Foods Mkt.*, 651 F. Supp. 3d 376, 388 (D. Mass. 2023).

Here, Plaintiff worked in a similar capacity in the same department as the three other employees. The reasons cited by the hospital for the termination of Plaintiff's employment, however, are materially different from the alleged conduct of the three other employees. The nature of the conduct must be of consequence when determining whether a person is a comparator, thereby subjecting the person's personnel file to disclosure in a case to which the person is not a party. *See id.* at 389 (concluding that asserted comparators, who were not disciplined for the same conduct as plaintiff, were not similarly situated). Plaintiff's argument suggests that to qualify as a comparator, a person need only work in a similar capacity as a plaintiff. Such a result would be inconsistent with the First Circuit's directive that the cases of a plaintiff and a comparator "closely resemble one another in respect to relevant facts and circumstances." *Conward*, 171 F.3d at 20.

In this case, because the conduct for which Plaintiff was disciplined was materially different from the alleged conduct of the three other employees, the other three employees do not qualify as comparators. Accordingly, the requested information is not relevant to the claims and defenses asserted in this case. Defendants, therefore, are not required to produce the information requested.[2]

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 21st day of August, 2026.

[2] During the discovery conference, Plaintiff also requested the wage information of one of the former employees. Plaintiff, however, has not alleged a discrimination claim based on disparate pay. The requested information, therefore, is not relevant to any of the claims and defenses asserted in this case.